UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RONNIE J. WILLIAMS                           CIVIL ACTION NO. 26-587

VERSUS                                       DISTRICT JUDGE FALLON

TULANE UNIVERSITY SCHOOL OF                  MAG. JUDGE CURRAULT
PROFESSIONAL ADVANCEMENT, ET AL.

ORDER AND REASONS

The Court has before it a Motion to Dismiss filed by Defendant Administers of the Tulane Educational Fund, improperly named in the complaint as Tulane University School of Professional Advancement. R. Doc. 5. *Pro se* Plaintiff Ronnie J. Williams opposes the Motion. R. Doc. 15. Having considered the briefing in light of the applicable law and record facts, the Court will GRANT the Motion for the following reasons.

I.      BACKGROUND & PRESENT MOTION

Plaintiff filed this action, originally in state court, on August 29, 2025. R. Doc. 1-1 at 1. In the complaint, Plaintiff asserts that he is a disabled veteran who attended Tulane in 2024. *Id.* at 2. He claims that, while a student, he was discriminated against in violation of the Americans with Disabilities act and Section 504 of the Rehabilitation Act of 1973 because of Defendant's "grade manipulation" to "keep [him] from qualifying for financial aid." *Id.* at 3. Plaintiff also alleges this qualifies as negligence on Defendant's part and seeks $900,000 in damages. *Id.* at 1, 3.

Plaintiff did not request service of his complaint on any defendant until February 3, 2026, *id.* at 41, after the state court denied Plaintiff's motion for default judgment because Defendant had not been served. *Id.* at 40. Defendant states it was never properly served, but filed to remove this action to federal court after "a copy of Plaintiff's Complaint was brought to the Office of

1

General Counsel at Tulane without a properly issued citation or summons by an unknown person who may have been Plaintiff" on March 9, 2026. R. Doc. 5-1 at 2.

Defendant now moves the Court to dismiss Plaintiff's claims against it for insufficient process or insufficient service of process under Federal Rule of Civil Procedure 12(b)(4) or 12(b)(5).[1] R. Doc. 5.

## II.    DISCUSSION

After a case is removed to federal court, federal law and the federal rules of civil procedure govern the future course of proceedings. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974). However, "the district court must look to state law to ascertain whether service was properly made prior to removal[.]" *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). If state law would have required dismissal for lack of timely service *prior* to removal, state law controls and the action must be dismissed. *Sal Ciolino & Assocs. v. First Extended Serv. Corp.*, 156 F. App'x 621, 622 (5th Cir. 2005).

Louisiana law requires a plaintiff to request service on all defendants within ninety days from the time of filing a petition. La. Code Civ. Proc. art. 1201(C). Moreover, Louisiana Code of Civil Procedure article 1672 "requires dismissal without prejudice as to a named defendant for whom service of process has not been requested within the 90–day time period prescribed by article 1201(C), unless good cause is shown why service could not be requested." *Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport*, 2002-2576 (La. 2/7/03), 841 So. 2d 725, 726.

---

[1] A motion to dismiss under Rule 12(b)(4) challenges the form of process and the content of the summons, while a motion to dismiss under Rule 12(b)(5) chalnged the manner in which process was served, including lack of service or service upon an unauthorized individual. *Bernard v. Grefer*, No. CV 14-887, 2015 WL 13532582, at *1 (E.D. La. Mar. 17, 2015) (citing *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x. 688, 691 (5th Cir. 2008)).

Here, Plaintiff did not request service upon Defendant until 158 days after he filed his complaint. *See* R. Doc. 1-1 at 1, 41. Accordingly, Plaintiff must show good cause for his failure to request service within the time allowed by Louisiana law for his claims to survive. Plaintiff asserts good cause exists because of:

> "Procedural Irregularities: The service issues and alleged misrepresentations regarding service create substantial procedural irregularities that undermine the validity of any dismissal.

> Lack of Discovery Opportunity: Plaintiff has been denied the fundamental right to conduct discovery and present evidence supporting the claims alleged in the Complaint.

> Merit-Based Adjudication: The interests of justice require that this case be decided on its merits rather than on procedural technicalities or misrepresentations.

> Veteran Status Considerations: Plaintiff's status as an Honorably Discharged Veteran warrants careful consideration of due process rights and fair adjudication."

R. Doc. 15 at 4.

While the Court sympathizes with Plaintiff's situation, these considerations have no relationship with Plaintiff's failure to timely request service upon Defendant, and as such cannot rise to the level of good cause for that failure. The facts that Plaintiff has not yet conducted discovery, would like this matter decided on the merits, and is a veteran, do not provide any explanation for his failure to request service upon Defendant within the required period. Nor do any "service issues" or "procedural irregularities" in effecting service once Plaintiff finally, and untimely, requested Defendant be served, excuse Plaintiff from his duty to have requested service within the ninety days allowed by Louisiana law. Because Plaintiff does not show that any good cause exists that may excuse this failure, his claims against Defendant must be dismissed.

## III.    CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Defendant Administers of the Tulane Educational Fund's Motion to Dismiss, R. Doc. 5, is **GRANTED**, and that Plaintiff's claims raised against that Defendant are hereby **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

New Orleans, Louisiana, this 8th day of April, 2026.

_____
United States District Judge