**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RONNIE J. WILLIAMS,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| | **2:26-CV-00587-GGG-DPC** |
| **v.** | |
| | **SECTION "T" (2)** |
| **TULANE UNIVERSITY/SCHOOL OF PROFESSIONAL ADVANCEMENT, (WILLIAMS, (BILL) RIALS, PH.D. INTERIM ASSOCIATE DEAN)** | **JUDGE: GREG G. GUIDRY** |
| | **MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT** |
| **Defendant.** | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

**NOW COMES** Defendant, The Administrators of the Tulane Educational Fund, improperly named as Tulane University/School of Professional Advancement ("Tulane"), through undersigned counsel, and respectfully submits this Memorandum in Opposition to the Motion For Reverse of Dismissal/Motion for Reconsideration[1] filed by Plaintiff Ronnie J. Williams.

## I.    PRELIMINARY STATEMENT

In his Motion for Reconsideration, Plaintiff Ronnie J. Williams ("Plaintiff") argues that the Court's Order dated April 8, 2026, which granted Tulane's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process (hereinafter "Dismissal Order"), should be reversed because "any failure in service was not due to Plaintiff's fault or negligence, but rather due to systematic failures within the court system itself."[2] This is simply not true.

---

[1] Rec. Doc. 21.
[2] Rec. Doc. 21 at 2.

#5976090v1

Plaintiff filed this lawsuit in the Civil District Court for the Parish of Orleans, Louisiana on August 29, 2025.[3] Plaintiff did not request a citation or service until February 3, 2026,[4] after his Motion for Default Judgment was denied because the defendant had not been served.[5] At that time, Plaintiff requested service on "Richardson Hall, Building #5, 6823 St. Charles Avenue, New Orleans, LA 70118."[6] The Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, issued a citation to "Richardson Hall, Building #5, 6823 St. Charles Avenue, New Orleans, LA 70118" as requested by Plaintiff on February 3, 2026.[7]

In March 2026, Plaintiff requested two additional improper citations, one for "Administration Building, 3rd Floor General Counsel, Tulane University"[8] and another for "Admission Building, 3rd Floor, General Counsel, Tulane University."[9] While service attempts were made by the Orleans Parish Sheriff's Office,[10] service was not effected because the citations were invalid and Tulane, a domestic non-profit corporation, was not properly served as discussed further below.

The reality is that Plaintiff failed to request a valid citation and failed to properly serve Tulane within 90 days after filing suit as required by Louisiana law and this Court properly dismissed his claims with prejudice. Plaintiff now seeks a reversal of the Dismissal Order, but he fails to articulate a valid reason for reconsideration. Thus, the Court should deny Plaintiff's Motion for Reconsideration and not alter or amend the Dismissal Order.

---

[3] *See* Rec. Doc. 1-1 at 1.
[4] *Id.* at 41.
[5] *Id.* at 40.
[6] *Id.* at 41.
[7] *Id.* at 42-44.
[8] *See* Rec. Doc. 1-1 at p. 45.
[9] *Id.* at p. 46.
[10] *See* Orleans Parish Sheriff's Office Case Details for Case No. 2025-8477, attached hereto as Exhibit "A."

#5976090v1

## II.   LAW AND ARGUMENT

### A. Plaintiff Has Not Set Forth a Valid Reason for Reconsideration of the Court's Dismissal Order.

The Federal Rules of Civil Procedure do not expressly recognize a "motion for reconsideration."[11] However, when a motion for reconsideration is filed within twenty-eight days of a district court's judgment it will be construed as a motion to alter or amend the judgment under Rule 59(e).[12] If the motion for reconsideration is filed more than twenty-eight days after the judgment is entered, then the motion will be treated as a motion for relief from judgment under Rule 60(b).[13]

Plaintiff filed his Motion for Reconsideration[14] six days after the Dismissal Order[15] was entered, so an analysis under Rule 59(e) is applicable. A motion under Rule 59(e) "calls into question the correctness of a judgment."[16] A Rule 59(e) motion is not the proper vehicle for making arguments that could have been raised before the entry of judgment.[17] Instead, Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[18] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[19] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[20]

---

[11] *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).
[12] Fed. R. Civ. Pro. 59(e); *see also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004).
[13] Fed. R. Civ. P. 60(b); *see also Shepherd*, 372 F.3d at 328 n. 1.
[14] Rec. Doc. 21.
[15] Rec. Doc. 17.
[16] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[17] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[18] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal citations omitted).
[19] *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018); *see also, Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000).
[20] *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 309 (E.D. La. 2020).

#5976090v1

In his Motion for Reconsideration, Plaintiff argues that the Dismissal Order should be reversed because "any failure in service was not due to Plaintiff's fault or negligence, but rather due to systemic failures within the court system itself."[21] The reality is that Plaintiff failed to request a valid citation and failed to properly serve Tulane within 90 days after filing his lawsuit in the Civil District Court of Orleans Parish as required by Louisiana law and therefore dismissal was proper.

The record clearly shows that the first time Plaintiff requested citation and service was on February 3, 2026—158 days after he filed his Complaint.[22] Where, as is the case here, proper service was not accomplished prior to removal and the state-mandated period for accomplishing service expired *prior* to removal, state law should control and the case should be dismissed.[23] Federal courts look to the law of the forum state to determine whether service of process was perfected prior to removal.[24]

Under Louisiana law, "[s]ervice of the citation shall be requested on all named defendants within 90 days of commencement of the action."[25] The citation must include "the name of the person to whom it is addressed."[26] Service shall be made by the sheriff of the parish where service is to be made or of the parish where the action is pending, or, if the sheriff is unable to make service, by a court appointed private person authorized to make service.[27] The private person

---

[21] Rec. Doc. 21 at 2.
[22] See Rec. Doc. 1-1 at 41.
[23] *Sal Ciolino & Associates v. First Extended Serv. Corp.*, 156 F..App'x. 621, 623 (5th Cir. 2005); *see also, Oiler v. Biomet Orthopedics*, CIV.A.02-3778, 2003 WL 22228574, at *3 (E.D. La. Sept. 25, 2003) (holding that defendant was entitled to a dismissal without prejudice where the plaintiff failed to effect service under the 90-day time limit set forth in LA. CODE CIV. PROC. ART. 1201(C)).
[24] *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972).
[25] LA. CODE CIV. PROC. ART. 1201(C).
[26] LA. CODE CIV. PROC. ART. 1202.
[27] LA. CODE. CIV. PROC. ARTS. 1291, 1293(A).

#5976090v1

appointed by the court must be "over the age of majority, not a party to the case, and a resident of the State of Louisiana in order to be qualified to perform the duties of a process server."[28]

Louisiana Code of Civil Procedure article 1672 "requires dismissal without prejudice as to a named defendant for whom service of process has not been requested within the 90–day time period prescribed by article 1201(C), unless good cause is shown why service could not be requested."[29] Louisiana jurisprudence is clear that confusion or mistake does not qualify as "good cause" to overcome dismissal under Article 1672.[30]

While the term "good cause" is not defined under Article 1672(C), Louisiana courts have consistently held that "mere confusion regarding a party's correct name or inadvertence in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause."[31] A layperson representing himself in a court action cannot claim lack of knowledge of the rules as an excuse, and doing so will not constitute "good cause" for failing to timely request service.[32] "Notwithstanding that '[a] layman who represents himself cannot be held to the same standards of

---

[28] LA. CODE. CIV. PROC. ART. 1293(A).

[29] *Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport*, 2002-2576, p. 1 (La. 2/7/03); 841 So.2d 725, 726. *See also,* LA. CODE CIV. PROC. ART. 1672(C).

[30] *Ayers v. Goodwill Indus.*, 2003-1576, p. 2 (La. App. 4 Cir. 3/10/04); 870 So.2d 348, 349 ("it is well established in our jurisprudence that mere confusion regarding a party's correct name or inadvertence or mistake in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause."); *see also, Joseph v. N. Am. Risk Servs.*, 2011-1417, p. 8 (La. App. 4 Cir. 2/29/12); 86 So.3d 752, 757 (holding the trial court did not err in granting defendant's motion for involuntary dismissal where plaintiff failed to the check the record for more than four years to ensure service was made on defendant).

[31] *Norbert v. Loucks*, 2001-1229, p. 3 (La. 6/29/01); 791 So.2d 1283, 1285; *see also, Anderson v. Norfolk S. R. Co.*, 2002-0230, p. 8 (La. App. 4 Cir. 3/27/02); 814 So.2d 659, 664, *writ denied sub nom. Anderson v. Norfolk S. Ry. Co.*, 2002-1396 (La. 9/20/02); 825 So.2d 1169 (holding that plaintiff's counsel did not show good cause for failing to serve defendant within 90 days of filing suit where counsel claimed that he did not discover that the clerk's office did not issue a citation until three days after the 90-day time period but provided no reason as to why he could not ascertain the status of citation prior to the 90-day deadline).

[32] *Boyd v. Picayune*, 11-119, p. 5 (La. App. 5 Cir. 11/15/11); 82 So.3d 298, 301 (noting that the pro se plaintiff managed to file suit with the clerk of court's office in the appropriate parish and also filed various pleadings with the clerk's office).

skill and judgment which must be attributed to an attorney, ... he assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law.'"[33]

Here, Plaintiff did not request a citation for service until the 90-day deadline for doing so had already passed. In addition to requesting citation and service long after the deadline to do so had passed, Plaintiff also failed to request a valid citation as the name of the person to whom the citation is addressed has never been listed. Plaintiff's status as a pro se litigant is no excuse for his failure to properly serve Tulane.[34]

### B. Tulane Was Never Properly Served.

The Administrators of the Tulane Educational Fund ("Tulane") is a domestic non-profit corporation registered with the Louisiana Secretary of State. Under Louisiana law, Plaintiff was required to serve Tulane by personal service on any one if its agents for service of process.[35] "Service of process directed to a corporate defendant and made on one other than the person authorized to accept such service is illegal and without effect."[36]

Correct service was not accomplished or even attempted in this case. Plaintiff filed his Complaint against "Tulane University/School of Professional Advancement" on August 29, 2025.[37] Plaintiff did not request a citation until February 3, 2026—158 days after he filed this action.[38] When Plaintiff did request service, the citation did not include the defendant's name nor

---

[33] *Cutler v. McGee*, 2009-1290, p. 12 (La. App. 3 Cir. 5/5/10); 38 So.3d 481, 490, *writ denied*, 2010-1879 (La. 11/19/10); 49 So.3d 393.

[34] *See Epley v. Luong*, 23-40038, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023) (holding that a pro se plaintiff's various excuses including his confusion about the court's orders, his medical condition, his pro se status, his indigency, and the COVID-19 pandemic were not excuses that constituted good cause).

[35] LA. CODE CIV PROC. ART. 1261(A).

[36] *Conner v. Cont'l S. Lines, Inc.*, 294 So.2d 485, 487 (La. 1974); *see also, Johnson v. Univ. Med. Ctr. in Lafayette*, 2007-1683, p. 2 (La. 11/21/07); 968 So.2d 724, 725 ("It is well settled that service of process made on one other than the person authorized to accept such service is illegal and without effect.").

[37] *See* Rec. Doc. 1-1.

[38] *Id.*

#5976090v1

the name of Tulane's registered agent for service of process, as required under Article 1202. There is no "good cause" for Plaintiff's service delay.

There was no attempt or request for service at any point prior to February 3, 2026. The law is clear that the Plaintiff's inadvertence or confusion is not "good cause" for the failure to comply with Article 1201(C). "[W]here proper service was not accomplished prior to removal and the state-mandated period for accomplishing service expired prior to removal, state law should control and the case should be dismissed."[39] Therefore, this Court acted properly in granting Tulane's Motion to Dismiss and entering the Dismissal Order.

### C. District Courts Enjoy Broad Discretion in the Context of a Rule 12(b)(5) Motion.

After removing this matter, Tulane filed a Motion to Dismiss[40] pursuant to Federal Rules of Civil Procedure 12(b)(4) for insufficient process and 12(b)(5) for insufficient service of process. Plaintiff filed an opposition to Tulane's Motion to Dismiss.[41] On April 8, 2026, after considering the parties' briefs and the record, this Court entered its Order and Reasons (the "Dismissal Order") granting Tulane's Motion to Dismiss after finding that Plaintiff had not shown that any good cause existed to excuse his failure to request service on Defendant within the ninety day deadline required by Louisiana law.[42] The Dismissal Order states that Plaintiff's claims raised against the Defendant are dismissed with prejudice.[43]

Plaintiff seeks a reversal of the Dismissal Order, or, alternatively, a change to a dismissal without prejudice. District courts enjoy broad discretion in deciding whether to dismiss an action

---

[39] *Castillo v. St. Charles Corr. Ctr.*, CIV. 06-0043, 2006 WL 4027292, at *5 (E.D. La. Aug. 15, 2006), *report and recommendation adopted*, CIV. A. 06 0043, 2006 WL 4040674 (E.D. La. Sept. 13, 2006).
[40] Rec. Doc. 5.
[41] Rec. Doc. 15.
[42] Rec. Doc. 17.
[43] *Id.*

#5976090v1

for ineffective service of process.[44] A district court's Rule 12(b)(5) dismissal is reviewed for abuse of discretion.[45] "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court."[46]

While a dismissal under Rule 12(b)(5) is generally a dismissal without prejudice, a dismissal with prejudice is warranted where there is "a clear record of delay or contumacious conduct by the plaintiff and a lesser sanction would not better serve the interests of justice."[47] The court must also consider (1) whether the delay was caused by plaintiff himself, not his attorney; (2) any prejudice to the defendant; or (3) whether the delay was caused by intentional conduct.[48]

"Delay alone can infuse an adverse element into the proper flow of litigation: evidence deteriorates or disappears, memories fade, and witnesses die or move away."[49] If the delay is not justified, the court can and must act to "redress the balance."[50] When the delay occurs between the filing of the lawsuit and service, it is more likely to result in prejudice to the defendant than a delay occurring after service.[51] This is because a delay prior to service creates instances where the defendant does not have knowledge of an outstanding claim and "is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available."[52] Defective service can be prejudicial to

---

[44] *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).
[45] *Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016).
[46] *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007).
[47] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).
[48] *Id.*
[49] *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 477 (5th Cir.1981).
[50] *Id.*
[51] *Id.* at 478.
[52] *Id.*

#5976090v1

a defendant when the defendant must expend time and resources to compel the plaintiff to effectuate proper service and the plaintiff makes no efforts to properly serve the defendant.[53]

Plaintiff waited nearly six months after filing suit to request citation and service, and when he finally requested a citation it was defective as well as untimely as it did not name the defendant nor name of the person to whom the citation was addressed as required by Louisiana law. Once Tulane removed the case and filed its Motion to Dismiss, Plaintiff made baseless claims that defense counsel "allegedly fabricated the delivery and acceptance of legal documentation to the Defendants' office, specifically to the General Counsel of Tulane University,"[54] and "Defendants' counsel allegedly misrepresented the status of service to this Court, claiming successful delivery when documentation was refused."[55] Now, in his Motion for Reconsideration, Plaintiff argues that any failure to serve Tulane is not due to his own fault or negligence, but is due to "systematic failures within the court system itself."[56]

The failure to serve Tulane and lengthy period of delay exhibited in this case is the fault of no one other than Plaintiff. "Pro se status does not excuse a litigant's complete failure to effect service."[57] Despite Plaintiff's attempts to place the blame for insufficient service on undersigned defense counsel[58] and then on the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana and/or the Orleans Parish Sheriff's Office,[59] the only person responsible for the failure to properly serve Tulane in a timely manner is Plaintiff himself. Any allegation by Plaintiff that

---

[53] *Bernard v. Grefer*, CIV. A. 14-887, 2015 WL 3465990, at *5 (E.D. La. June 1, 2015) (dismissing plaintiffs' claims with prejudice pursuant to Rule 12(b)(5) where plaintiffs failed to respond to defendant's motions to dismiss or to properly serve defendant over a 9-month period).

[54] Rec. Doc. 11 at 2; Rec. Doc. 15 at 3.

[55] Rec. Doc. 11 at 3; Rec. Doc. 15 at 4.

[56] Rec. Doc. 21 at 2.

[57] *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

[58] *See* Rec. Doc. 11 at 2-3; Rec. Doc. 15 at 3-4.

[59] *See* Rec. Doc. 21 at 2.

#5976090v1

defense counsel, the Clerk of the Civil District Court for the Parish of Orleans, or the Orleans Parish Sheriff's Office have acted improperly in this matter is completely without merit.

The lengthy delay between when Plaintiff filed suit and when Tulane learned of his claims combined with Plaintiff's response to Tulane's Motion to Dismiss and his allegations of "systematic failures within the court system" warrants a dismissal with prejudice under Rule 12(b)(5). Plaintiff has demonstrated a clear record of delay and/or contumacious conduct and a lesser sanction would not better serve the interests of justice under these circumstances.

### III.    CONCLUSION

Accordingly, for the foregoing reasons, Defendant, The Administrators of the Tulane Educational Fund, improperly named as Tulane University/School of Professional Advancement ("Tulane"), respectfully requests that this Honorable Court deny Plaintiff's Motion for Reconsideration, and for such other and further relief as the Court deems appropriate.

**Dated: May 5, 2026**                                 **Respectfully submitted:**

/s/ Joan M. Sheridan
Amy L. McIntire (#35241)
Joan M. Sheridan (#41414)
CHAFFE McCALL, L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7030
Facsimile: (504) 544-6090
E-Mail: mcintire@chaffe.com
E-Mail: joan.sheridan@chaffe.com
***Attorneys for Defendant The Administrators of the Tulane Educational Fund***

10

#5976090v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2026, the foregoing pleading was served by U.S. Mail and email on the following:

Ronnie J. Williams
4922 Nottingham Drive
New Orleans, LA 70127
P: (504) 218-9656
rjw2769@yahoo.com
***Plaintiff, Pro Se***

*/s/ Joan M. Sheridan*
***Attorney for Defendant The Administrators of the Tulane Educational Fund***

11

#5976090v1