UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE J. WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 26-00587 |
| TULANE UNIVERSITY SCHOOL OF PROFESSIONAL ADVANCEMENT, et al. | SECTION: T (2) |

**ORDER AND REASONS**

Before the Court is Plaintiff Ronnie J. Williams's Motion for Reconsideration (R. Doc. 21) of this Court's Order and Reasons granting the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process filed by Defendant Administers of the Tulane Educational Fund, improperly named in the complaint as Tulane University School of Professional Advancement. R. Doc. 17. Plaintiff has also filed a Motion to Appoint Counsel. R. Doc. 20. For the reasons set forth below, the Court will deny the Motion to Appoint Counsel (R. Doc. 20) and deny in part and grant in part the Motion for Reconsideration (R. Doc. 21).

I. BACKGROUND

As set forth in this Court's Order of April 8, 2026, Plaintiff filed this action in state court on August 29, 2025. R. Doc. 1-1 at 1. In the complaint, Plaintiff asserted that he is a disabled veteran who attended Tulane in 2024. *Id.* at 2. He claimed that, while a student, he was discriminated against in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et

seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, because of Defendant's "grade manipulation" to "keep [him] from qualifying for financial aid." *Id.* at 3. Plaintiff also alleged this qualifies as negligence on Defendant's part and sought $900,000 in damages. *Id.* at 1, 3.

Plaintiff did not request service of his complaint on any defendant until February 3, 2026, R. Doc. 1-1, p. 41, after the state court had denied his motion for default judgment because Defendant had not been served. *Id.* at 40. Defendant stated it had never been properly served, but it nevertheless filed to remove this action to federal court after "a copy of Plaintiff's Complaint was brought to the Office of General Counsel at Tulane without a properly issued citation or summons by an unknown person who may have been Plaintiff" on March 9, 2026. R. Doc. 5-1 at 2.

Thus, as the Court noted, Plaintiff did not request service upon Defendant until 158 days after he had filed his complaint. R. Doc. 17, p. 2. Defendant moved to dismiss the case pursuant to Rule 12(b)(4) and Rule 12(b)(5), which the Court granted. R. Doc. 17, p. 4. Applying Louisiana law, the Court found Plaintiff had not established good cause for his failure to request service on Defendant within the 90-day time period prescribed by La. Code Civ. Proc. Art. 1201(C). R. Doc. 17, p. 3. Plaintiff has noticed an appeal, which has been docketed under Case No. 26-30225 in the Fifth Circuit Court of Appeals. R. Docs. 18, 25, and 27.

Simultaneously with his notice of appeal to the Fifth Circuit, Plaintiff filed the instant Motion for Reconsideration in this Court, seeking to reverse the dismissal of his case or,

alternatively, to modify the dismissal with prejudice to dismissal without prejudice. R. Doc. 21, p. 2. Defendant Tulane has filed a response. R. Doc. 26.

II. LAW and ANALYSIS

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed within the time limit set by the Rule. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). A party must file a motion to alter or amend within 28 days of the entry of the judgment from which relief is sought. *Folse v. Takata Corp.*, 2020 WL 1487293, Civ. Act. No. 17-17116 (E.D. La. Feb. 28, 2020); *see also* Fed. R. Civ. P. Rule 59(e) ("Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Here, Plaintiff filed his motion for reconsideration six days after the Court issued its Order. R. Doc. 21. Thus, the Court will evaluate Plaintiff's motion under Rule 59(e).[1]

---

[1] In this case, the Court retains jurisdiction to entertain Plaintiff's Rule 59(e) motion, even though he filed a Notice of Appeal along with his "Motion for Reconsideration." As the Fifth Circuit recently explained:

> "Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit. *See* Fed R. Civ. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) (applying this legal tenet in the context of the former 10-day time limit for filing a Rule 59(e) motion). Under Federal Rule of Appellate Procedure 4, the filing of

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca–Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004). A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1990).

---

> a timely Rule 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the post-judgment motion. Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4)(A)(iv); *see also Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 868 (5th Cir. 2002) ("Rule 4(a)(4) suspends the time for review by this Court because, until the district court addresses all post-judgment motions specified by the rule, it has not entirely finished with a case.")."

*Washington v. UTMB*, 2022 WL 2527665 (5th Cir. July 7, 2022)(per cruiam). *See also Willie v. Continental Oil Co.*, 784 F.2d 706, 707 (5th Cir. 1986) (citing *Harcan Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.1986) (en banc))(When a Rule 59(e) motion is timely filed, it "suspends the time for filing a notice of appeal and renders premature any notice of appeal previously filed.").

In his motion, Plaintiff's argument and requests for relief seem to be directed more to the Court of Appeals rather than the district court. At any rate, because the original district judge recused himself in this matter after granting Defendant's Motion to Dismiss, the Court has thoroughly considered Plaintiff's Rule 59(e) motion on the merits.

Having carefully reviewed the parties' briefs, the record, and the applicable law, the Court finds no grounds to reconsider its order dismissing this action. Plaintiff asserts "the factual circumstances surrounding the service attempt demonstrate that any failure in service was not due to Plaintiff's fault or negligence, but rather due to systemic failures within the court system itself." R. Doc. 21, p. 2. He alleges, without citing any evidence, that "[t]he failure in service occurred when the Clerk of Court failed to perform the ministerial duty of walking the documentation over to the Sheriff's Office for actual service, despite Plaintiff having paid the required fees and properly initiated the service process." *Id.* In support of his desire to have his dismissal modified to without prejudice, he contends that "[t]he circumstances of this case present a clear distinction between cases where plaintiffs fail to properly attempt service and cases where plaintiffs make good faith efforts to comply with service requirements but are thwarted by failures within the court system itself [and that he] should not be penalized with dismissal with prejudice for the Clerk's failure to perform ministerial duties. *Id.*, p. 3.

Defendant counters that Plaintiff did not request a citation for service until after the 90-day deadline had expired, and even when he did so, he failed to request a valid citation because the name of the person to whom citation was addressed has never been listed. R. Doc. 26, p. 6. Defendant also points out that it was never properly served, asserting that, under Louisiana law, Plaintiff was required to serve it by personal service on any one of its agents. *Id.* Defendant notes that "[s]ervice of process directed to a corporate defendant and made on one other than the person authorized to accept such service is illegal and without effect." *Id.* (quoting *Conner v. Cont'l S.*

*Lines, Inc.*, 294 So.2d 485, 487 (La. 1974), and citing *Johnson v. Univ. Med. Ctr. in Lafayette*, 07-1683, p. 2 (La. 11/21/07); 968 So.2d 724, 725 ("It is well settled that service of process made on one other than the person authorized to accept such service is illegal and without effect.")). Defendant contends the Court properly found Plaintiff had failed to establish good cause within the meaning of La. Code Civ. Proc. art. 1672. Defendant argues that, as a layman, Plaintiff representing himself nonetheless assumed the responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. R. Doc. 26, p. 6 (quoting *Cutler v. McGee*, 09-1290, p. 12 (La. App. 3 Cir. 5/5/10); 38 So.3d 481, 490, *writ denied*, 10-1879 (La. 11/19/10); 49 So.3d 393)) (quotation marks omitted).

As to amending the dismissal to be without prejudice, Defendant urges the Court not to amend or modify its prior ruling. Defendant asserts that, while a dismissal under Rule 12(b)(5) is generally a dismissal without prejudice, dismissal with prejudice is warranted where, as here, there is "'a clear record of delay or contumacious conduct by the plaintiff and a lesser sanction would not better serve the interests of justice.'" R. Doc. 26, p. 8 (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)).

As Defendant points out, the Fifth Circuit has affirmed dismissals with prejudice upon finding "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id*. (in turn quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986)). Defendant asserts that the failure to request timely service or to make a valid request was due solely to the fault of Plaintiff,

and that the delay resulted in prejudice to Defendant. Additionally, and most pertinently, Defendant asserts Plaintiff engaged in contumacious conduct by first asserting that Defendant's counsel was personally responsible for the improper and untimely service and then asserting that it was the fault of either the Clerk of Civil District Court for the Parish of Orleans or the Orleans Parish Sheriff's Office. R. Doc. 26, p. 10. Thus, Defendant argues dismissal with prejudice was proper and within the Court's discretion under the facts of this case. *Id*.

The Court finds no basis for Plaintiff's Motion because such a Rule 59(e) motion may be invoked only "to correct manifest errors of law or fact or to present newly discovered evidence." *See In re Transtexas Gas Corp.*, 3-3 F.3d at 581. Plaintiff has not established any manifest error of law or fact in the Court's ruling, nor has he identified newly-discovered evidence to support his assertions. Instead, Plaintiff merely shifts blame, without evidentiary proof, to the Clerk of the Orleans Parish Civil District Court and perhaps even to the Sheriff. Nowhere does Plaintiff accept responsibility for his own failures. Plaintiff on this showing has not persuaded the Court to use the extraordinary remedy of granting his motion for reconsideration under Rule 59(e).

Nevertheless, while the Court will not disturb its ruling granting Defendant's Motion to Dismiss, it will amend the Order to provide that the dismissal is without prejudice. The Court is not convinced that Plaintiff's conduct, while perhaps exacerbating or frustrating, merits final foreclosure of his claims.[2]

[2] The Court makes no pronouncement with respect to whether Plaintiff's underlying claims have or have not prescribed.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (R. Doc. 21) is DENIED IN PART and GRANTED IN PART. The Court hereby amends its prior Order (R. Doc. 17) to provide that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Motion is DENIED in all other respects.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (R. Doc. 20) is DENIED.[3]

New Orleans, Louisiana, this 17th day of August 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

[3] It appears that Plaintiff's Motion may be directed to the Court of Appeals rather than the district court, because he ostensibly seeks legal assistance to prosecute his appeal. *See* R. Doc. 20, p. 3.